

**NUMBER 13-25-00287-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**CHRISTOPHER DALE HAVENS,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

**ON APPEAL FROM THE 36TH DISTRICT COURT
OF ARANSAS COUNTY, TEXAS**

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca
Memorandum Opinion by Justice Fonseca**

After a trial, an Aransas County jury convicted appellant Christopher Dale Havens on three counts of aggravated assault against a public servant with a deadly weapon, a first-degree felony, and he was sentenced to concurrent terms of ninety-nine years' imprisonment on each count. *See* TEX. PENAL CODE § 22.02(b)(2)(B). Appellant's court-appointed appellate counsel has filed a brief with this Court stating that there are no

arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

## I.    ANDERS BRIEF

Counsel states in his brief that he has diligently reviewed the entire record and that he "has been unable to find any nonfrivolous" grounds for appeal. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and motion to withdraw; (2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20.

Appellant timely filed the form pro se motion for access to the record. On October 27, 2025, we ordered the trial court to ensure appellant has the opportunity to fully

examine the clerk's record and reporter's record and to notify this court when the records were made available to him. The records were delivered to appellant on November 5 and 10, 2025. On December 9, 2025, appellant filed a "Notice" with this Court complaining in part that the records he received were incomplete or illegible. That same day, we abated the appeal and remanded to the trial court to determine whether the record provided to appellant is complete and accurate. After holding a hearing, the trial court signed an order on December 23, 2025: (1) directing the trial court clerk to reprint the entire clerk's record "single page and one sided" and to mail it to appellant, and (2) stating that appellant "is in possession of the full [c]ourt [r]eporters' [t]ranscripts" pertaining to his appeal. Appellant filed another "Notice" on January 12, 2026, which we construe as a pro se response to the *Anders* brief. The appeal was reinstated on January 22, 2026.

## II.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record, counsel's brief, and appellant's pro se response, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.     MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d

3

at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review within five days of the date of this memorandum opinion.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    CONCLUSION

The trial court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
21st day of May, 2026.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.